|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| ISRAEL SANTIAGO-LUGO,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 99-1504 (JAF)<br><br>(Crim. No. 95-029) |

**O R D E R**

Petitioner, Israel Santiago-Lugo, requests a certificate of appealability ("COA") from this court to appeal our denial of his motion for reconsideration of our original denial of his 28 U.S.C. § 2255 petition. (Docket No. 119.)

To appeal a final order of the district court in § 2255 proceedings, a petitioner must first obtain a COA, 28 U.S.C. § 2253(c)(1)(B), which may issue from the district court, Grant-Chase v. Comm'r, N.H. Dep't of Corr., 145 F.3d 431, 435 (1st Cir. 1998). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Petitioner sought reconsideration under Federal Rule of Civil Procedure 60(b) of our denial of his § 2255 petition on the grounds that recent Supreme Court decisions, United States v. Santos, 128

Civil No. 99-1504 (JAF)                                                    -2-

S. Ct. 2020 (2008), and Cuellar v. United States, 128 S. Ct. 1994 (2008), render him actually innocent of his charges under 18 U.S.C. § 1957 and 21 U.S.C. § 848. (Docket Nos. 111, 119.) However, we lack jurisdiction to consider this claim. Petitioner's Rule 60(b) motion amounts to a second or successive § 2255 petition which he has not received authorization to file. See 28 U.S.C. § 2255(h) (requiring a second or successive motion to be certified by a panel of the appropriate court of appeals); Muñoz v. United States, 331 F.3d 151, 152-53 (1st Cir. 2003) ("[A Rule 60(b) motion] for relief from a judgment previously entered in a § 2255 case 'should be treated as a second or successive habeas petition if . . . the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction.'" (quoting Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003))).

As we lack jurisdiction to consider Petitioner's motion, see Muñoz, 331 F.3d at 153, we find that no reasonable jurist could disagree with our denial of relief. Accordingly, we hereby **DENY** Petitioner's request for a certificate of appealability under 28 U.S.C. § 2253 (Docket No. 119).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of August, 2009.

                                    S/José Antonio Fusté
                                    JOSE ANTONIO FUSTE
                                    Chief U.S. District Judge