UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ISRAEL SANTIAGO-LUGO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 99-1504 (JAF)

(Crim. No. 95-0029-01 (JAF))

## **MEMORANDUM ORDER**

Petitioner, Israel Santiago-Lugo, moves under Federal Rule of Civil Procedure 60(b)(6) for reconsideration of our denial of his petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255.  (Docket No. 50.)  He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 95-029-01.  (Cr. No. 95-029-01, at Docket No. 1164.)

We previously denied Petitioner's request for a writ of habeas corpus under 28 U.S.C. § 2255 in an opinion and order dated June 26, 2000.  (Docket No. 24.)  On January 25, 2001, we denied his first and second motions for reconsideration.  (Docket Nos. 35, 63.)  Petitioner then moved for relief under Fed. R. Civ. P. 60(b), which we denied, (Docket No. 76), along with his motion for reconsideration of the denial.  (Docket No. 83.).  The First Circuit affirmed our denial of Petitioner's motion under Rule 60(b), (Docket No. 93), because the court held that "the factual predicate set forth in ... the motion constitutes a direct challenge to the constitutionality of the underlying conviction," making it an improper second or successive 2255 petition.  (citing Munoz v. United States, 331 F.3d 151, 152-53 (1st Cir 2003)).  Additionally, the First Circuit held that even if the motion could be adjudicated under Rule 60(b), it would be untimely.  (Id.)

Petitioner moves us to reconsider our denial of his application for a writ of habeas corpus. Petitioner reiterates his previous arguments, which he has forwarded repeatedly, and he again mistakenly relies on Richardson v. U.S., 526 U.S. 813 (1999). Petitioner also asseverates that we, and then the First Circuit, erred by refusing to find exceptional circumstances surrounding his "first habeas petition because [he] does not had [sic] the opportunity to obtain judicial determination of the fundamental legality of his conviction and sentence based on a supplemental pleading filed timely." (Docket No. 133 at 3.) In short, Petitioner's argument states the very reason federal law disfavors second or successive positions: That such petitions are not vehicles simply for relitigating a petitioner's previously denied claims. Petitioner does not cite any new evidence or advance any new argument or claim that he is entitled to relief under a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. § 2255(h)(2). His petition is successive under 18 U.S.C. § 2255, and he provides no exceptional circumstances warranting our review. Petitioner's motion is **DENIED**.

For the foregoing reasons, we hereby **DENY** Petitioner's motion under Rules 60(b)(6) and 60(d)(3). (Docket No. 133). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of May, 2014.

                                                                S/José Antonio Fusté
                                                                 JOSE ANTONIO FUSTE
                                                                 U. S. DISTRICT JUDGE