THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ISRAEL SANTIAGO-LUGO,**<br><br>  Petitioner,<br>  v.<br><br>**UNITED STATES OF AMERICA,**<br><br>  Defendant. | **Civil No. 99-1504 (ADC)** |

## OPINION AND ORDER

Petitioner Israel Santiago-Lugo's motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b)(6) at **ECF No. 176** is **DENIED.**

In essence, Fed. R. Civ. P. 60(b)(1)-(5) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. *BLOM Bank SAL v. Honickman*, 605 U.S. ___, 145 S. Ct. 1612, 1619 (2025). On the other hand, Fed. R. Civ. P. 60(b)(6) is a "catchall" provision that "requires extraordinary circumstances" and is "available only in narrow circumstances." *Id.*; *see also González v. Crosby*, 545 U.S. 524, 535 (2005).

Petitioner's request is procedurally barred. Regardless of how it was labeled, his petition is essentially a successive § 2255 petition since the underlying claims are primarily related to the original conviction and request for habeas relief. *See Rodwell v. Pepe*, 324 F.3d 66, 70 (1st Cir. 2003) ("When a motion's factual predicate deals primarily with the constitutionality

of the underlying [ ] conviction or sentence, then the motion should be treated as a second or successive habeas petition."). This Court cannot to entertain such relief without authorization from the First Circuit. *See* 28 U.S.C. § 2244(b)(3).[1]

Nine years before petitioner filed his latest motion in this case, the First Circuit denied petitioner a Certificate of Appealability of this Court's denial of petitioner's Fed. R. Civ. P. 60(b)(3) to challenge his conviction and sentence based on similar grounds, including *Richardson v. United States*, 526 U.S. 813 (1999). *See* **ECF No. 174**. In any event, as the First Circuit properly determined, even if dressed as a new filing under Fed. R. Civ. P. 60(b)(6):

> To the extent that Santiago-Lugo's Rule 60(b) motion sought to challenge his conviction and sentence based upon Richardson v. United States, 526 U.S. 813 (1999), reasonable jurists could not find debatable or wrong the motion's dismissal by the district court as a second or successive § 2255 motion for which authorization from this court was not obtained. Nor could petitioner's claims satisfy the gatekeeping requirements under § 2255(h). See, e.g., Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).

Accordingly, as discussed in the government's memorandum,[2] petitioner's Fed. R. Civ. P. 60(b)(3) motion at **ECF Nos. 176 and 186** is procedurally and substantively unavailing and, thus, **DENIED**. The motion to disqualify at **ECF No. 189** is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 17th day of July, 2025.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[1] As a matter of fact, petitioner had unsuccessfully moved for similar relief several times. *See inter alia* **ECF Nos. 1, 2, 5, 48, 62, 66, 76, 111, 112, 133, 150**.

[2] The Court adopts the government's arguments at **ECF Nos. 180, 187**.